UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JASMER JACKSON                          CIVIL ACTION

VERSUS                                  NO: 05-2621

FUGRO GEOSERVICES, INC.                 SECTION: "J" (2)

**ORDER AND REASONS**

Before the Court is defendant's **Motion to Dismiss or Transfer Based on Improper Venue** (Rec. Doc. 5). The motion is opposed. Having considered the motion, legal memoranda of counsel, and the applicable law, the Court finds that defendant's motion should be DENIED.

**BACKGROUND**

Plaintiff filed his personal injury complaint in the Eastern District of Louisiana. The claim is based on the Jones Act, 42 U.S.C. section 688(a), and general admiralty and maritime jurisdiction, 28 U.S.C. section 1333(1). Plaintiff resides in and

is receiving treatment in the Eastern District.

Defendant is incorporated in Delaware and has its principal office in Houston, Texas. Defendant has registered with the Louisiana Secretary of State to do business in Louisiana. That registration indicates that its agent for service of process and its principal place of business in Louisiana are in Baton Rouge, in the Middle District of Louisiana. Counsel for defendant avers in the legal memorandum accompanying its motion that defendant does not have an office or conduct business in the Eastern District of Louisiana. Defendant seeks dismissal for improper venue under Fed. R. Civ. P. 12(b)(3). In the alternative, Defendant seeks a transfer based on considerations of convenience pursuant to 28 U.S.C. section 1404(a).

## DISCUSSION

### A. Propriety of Venue

The proper venue in this civil action depends on where the defendant resides. *See* 28 U.S.C. § 1391(b). In a state with multiple judicial districts, a corporate defendant is deemed to reside in all districts within which the defendant has sufficient contacts to support personal jurisdiction. *See id*. § 1391(c). Defendant argues that because its principal place of business in

Louisiana is in the Middle District and it has never conducted business in the Eastern District, it does not "reside" in the Eastern District and venue here is improper. Plaintiff counters that registering to do business in Louisiana subjects defendant to personal jurisdiction, and thus proper venue, in every district in the state.

The ambiguity of the corporate venue provisions regarding multiple district states was resolved by the Fifth Circuit Court of Appeal in *Davis v. Hill Engineering*, 549 F.2d 314 (5th Cir. 1977) (overruled on other grounds). *Davis* held that venue is proper under section 1391(c), and thus the Jones Act, in every district of the state in which the defendant corporation is incorporated. *Id.* at 323. *Davis* also indicates that venue is proper in every district in a state where a corporate defendant is licensed to do business or is doing business. *Id.* "[T]he fact that [the defendant] engaged in no business in the Eastern District of Texas is irrelevant because [section 1391(c)] makes any one of the three activities a sufficient basis for venue." *Id.* The "three activities" considered sufficient by the court are "licensed to do business, doing business, or incorporated" in the state. *Id. Davis* reasoned that because incorporation in one district of the state "authorized [the corporation] to do

business in any district in the state" and "recognizes the corporation's right to conduct business throughout the state" venue under section 1391(c) was proper in every district in the state. *Id.* at 322-23.

The holding and reasoning in *Davis* control the outcome of defendant's Motion to Dismiss. Because Defendant has registered to do business in Louisiana, it is "authorized to do business in any district in the state" and it has "the right to conduct business throughout the state." *Id.* Under *Davis* this is sufficient to render venue proper in any district in the state. Therefore, dismissal pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue is unwarranted.

**B. Convenience of Venue**

Defendant's alternative motion for transfer based on 28 U.S.C. section 1404(a) must also fail. Defendant's motion addresses none of the factors outlined in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 505, 508 (1947), to determine if transfer is proper under 28 U.S.C. section 1404(a). Defendant bears the burden of demonstrating why the plaintiff's choice of forum should be changed. *Id.* Defendant has not even attempted to meet that burden, so plaintiff's choice of forum should stand. *Id.*

4

Accordingly,

**IT IS ORDERED** that defendant's **Motion to Dismiss or Transfer Based on Improper Venue** (Rec. Doc. 5)is **DENIED**.

New Orleans, Louisiana this the 29th day of November, 2005.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE